### BEYER v. BROWNLOW et al., Com'rs.

(Court of Appeals of District of Columbia. Submitted October 7, 1921. Decided November 7, 1921.)

#### No. 3674.

1. **Eminent domain ⬥⟹239—District can demand jury on setting aside Commissioners' report.**

Under Code of Law 1901, § 487, giving any of the parties interested, dissatisfied with the appraisement of damages in condemnation proceedings by Commissioners, the right to a jury to assess damages, when construed in connection with other sections of the same chapter, in which the expression "any persons" or "any parties" interested clearly includes the Commissioners of the District, the right to demand a jury is not limited to the owners of the land, but may be exercised by the Commissioners of the District.

2. **Eminent domain ⬥⟹239—Provision for action by District does not exclude right to jury.**

The provision of Code of Law 1901, §§ 490, 491, that if the finding of the Commissioners to appraise damages should not be objected to by the parties interested and the Commissioners of the District are satisfied therewith, or if the verdict is confirmed by the court and is satisfactory to the Commissioners of the District, the Commissioners shall pay the award, etc., does not indicate that the expression any "parties interested," in section 487, giving the right to a jury trial, should be restricted to owners of the land.

Appeal from the Supreme Court of the District of Columbia.

Proceedings by Louis Brownlow and others, as Commissioners of the District of Columbia, against Amanda Beyer to condemn land for public use. From an order entered on motion of the Commissioners of the District directing the impaneling of a jury to assess the damages, the defendant appeals. Affirmed.

Rudolph H. Yeatman, of Washington, D. C., for appellant.

F. H. Stephens and George P. Borse, both of Washington, D. C., for appellees.

ROBB, Associate Justice. This is a special appeal from an order in the Supreme Court of the District, entered on motion of the Commissioners of the District and over the objection of appellant, setting aside the report and award of commissioners appointed to appraise the value of the respective interests of all parties concerned in land sought to be condemned for public use under the provisions of chapter 15 of the Code of the District, and directing that a jury be impaneled to assess damages; the contention of appellant being that the Commissioners of the District have no right to have such damages assessed by a jury.

Chapter 15 of the Code relates to condemnation of land for public use. Section 483 provides that in the event land is needed for the use of the United States or by the Commissioners of the District of Columbia for public purposes, and it cannot be acquired by purchase,

"application may be made to the Supreme Court of the District by petition in the name of the United States or of said Commissioners" for the condemnation of the land, etc. Section 484 states what the petition must show. Section 485 requires the court to cite "all the owners and other persons interested" to appear in court at a time fixed to answer the petition, and, finally, this section directs the court to proceed "to appoint three capable and disinterested commissioners to appraise the value of the respective interests of all persons concerned in such lands." Section 486 provides that after the commissioners have been duly sworn they shall examine the premises "and hear the persons in interest." This section further provides that when such report or the verdict of a jury thereafter provided for is confirmed by the court, the President of the United States, in cases of condemnation for the use of the United States, "shall, if he thinks the public interest requires it," cause payment to be made, etc. Section 487 reads as follows:

"Sec. 487. *Jury.*—If any of the parties interested, or the guardian ad litem appointed for any such person who may be under a disability, shall be dissatisfied with the appraisement of the commissioners, the marshal shall be directed to summon a jury of seven disinterested men, not related to any one interested, to meet and view the premises, giving the parties interested at least six days' notice of the time and place of meeting."

Section 488 provides for the summoning of a jury by the marshal and requires the jury to take certain benefits into consideration in returning their verdict. Section 489 provides that—

"The jury having been upon the premises and, after hearing the parties, having assessed the damages, shall make out a written verdict. * * * The verdict of the jury may be excepted to by any party interested, and may be set aside by the court for good reasons, and a new jury directed to be summoned."

In section 490 it is provided that—

"If the finding of the commissioners to appraise should not be objected to by the parties interested, and, in cases of condemnation for the use of the District, the Commissioners of the District are satisfied therewith, or if the verdict of the jury is confirmed by the court and is satisfactory to the Commissioners of the District," the Commissioners shall pay the award, etc.

Section 491 makes it optional with the Commissioners to abide by the verdict of the jury or, within a reasonable time to be fixed by the court, to abandon the proceeding.

[1] At the outset it is well to note that this is an adversary proceeding in a court, involving two parties, the District and "all persons concerned in such lands." Had the statute, instead of providing for a court proceeding, provided that the damages might be assessed in the first instance by the Commissioners of the District, it would logically follow that they might not appeal from their own decision and invoke an assessment by a jury. This distinction was carefully pointed out in Marshal Fishing Co. v. Hadley Falls, 5 Cush. (Mass.) 602.

Having the above distinction in mind, we think it would be going far to rule that the words "any of the parties interested," as used in section 487, should be given such a restricted meaning as to include

only owners of the land and exclude the party equally interested in the proceeding, namely, the District. It must be conceded, of course, that under the above provisions of section 486, relating to the proceeding before the appraisal commissioners, the District has a right to be heard and therefore is one of the "persons in interest" therein mentioned. It is equally apparent that the District is a "party interested" within the meaning of section 489, for it is unthinkable that it was intended in that section to permit exceptions by the landowners to the finding of the jury and withhold that right from the District, the party who would be compelled to pay the damages. This fact that the District is a "person" as well as a "party," within the meaning of the act, of itself is significant and inconsistent with the idea that the act limits the right to a jury hearing to the landowners or "persons" and does not give such right to the "parties" in the proceeding, which must include the District. Moreover, the District being one of the "persons in interest," within the meaning of section 486, and a "party interested," within the meaning of section 489, it would require a strained and unreasonable construction to hold that it is not one of the "parties interested," within the meaning of section 489. And analyzing section 487 we find support for our view that it includes both parties to the proceeding, for in the latter part of the section notice to the "parties interested" is required. It hardly would be contended that where the landowners had expressed dissatisfaction with the appraisement of the commissioners and demanded a jury hearing, no notice would be necessary to the District of the time and place of such hearing. If the "parties interested," as used in the latter part of this section, include the District, the same term in the first part of the section should receive the same interpretation in the absence of a contrary intent.

[2] Section 486 authorizes the President of the United States, in cases of condemnation for the use of the United States, where he thinks the public interest requires, to take certain action. In the enactment of section 490 Congress apparently intended to make substantially the same provision as to the authority of the Commissioners of the District where the condemnation was for District purposes. While the provisions of this section are somewhat ambiguous, it may not be said that they evince a purpose on the part of Congress to narrow the meaning of the term "parties interested," as used in the preceding sections.

Viewing this chapter as a whole, and having in mind its scope and purpose, we are convinced that it was the intent of Congress to make these proceedings adversary throughout and allow either party to invoke the jury hearing provided by section 487. It follows that the judgment must be affirmed, with costs.

Affirmed.