## UNITED STATES v. GRIFFIN et al.

(District Court, W. D. Virginia. Aug. 7, 1926.)

**I. Jury ⬡⇒19(11)—In proceeding to condemn land in Virginia, government has no right to jury trial (Const. U. S. Amend. 7; Rev. St. §§ 566, 648 [Comp. St. §§ 1583, 1584]; Act Cong. Aug. 1, 1888, § 2 [Comp. St. § 6910]; ·Code Va. 1919, §§ 4360–4388).**

Neither under Const. U. S. Amend. 7, nor under Rev. St. §§ 566, 648 (Comp. St. §§ 1583, 1584), has government any right to jury trial in proceeding, under Weeks Act (Comp. St. §§ 5174–5187) to condemn land in Virginia, in view of Act Cong. Aug. 1, 1888, § 2 (Comp. St. § 6910), requiring such proceedings to conform to proceedings in like causes in state courts, and Code Va. 1919, §§ 4360–4388, providing for appointment of condemnation commissioners.

**2. Statutes ⬡⇒225½.**

A special statute, later in point of time, controls an earlier general statute.

**3. Jury ⬡⇒28(5)—Any right to jury trial in proceeding to condemn land in state where local procedure does not provide for jury trial held waived by government (Act Cong. Aug. 1, 1888, § 2 [Comp. St. § 6910]).**

Any right of government to jury trial, in proceedings under Weeks Act (Comp. St. §§ 5174–5187) to condemn land in states whose procedure in like causes does not authorize the use of common-law jury, *held* waived by Act Cong. Aug. 1, 1888, § 2 (Comp. St. § 6910), providing that procedure in such causes should conform to procedure in like causes in state courts.

**4. Jury ⬡⇒28(3).**

Congress has power to waive government's right to jury trial in eminent domain proceeding, as. done by Act Cong. Aug. 1, 1888, § 2 (Comp. St. § 6910), in view of Rev. St. § 649 (Comp. St. § 1587).

Proceeding by the United States against Malcolm Griffin and others to condemn land. On government's motion for jury trial in lieu of appointment of third commission, after two reports of different condemnation commissioners had been set aside. Motion denied.

R. O. Crockett, Sp. Asst. Atty. Gen., for the United States.

John L. Abbot, of Lynchburg, Va. (Barksdale & Abbot, of Lynchburg, Va., on the brief), for Malcolm Griffin.

McDOWELL, District Judge. This is a proceeding to expropriate land in this district under the Weeks Act (36 Stat. 961 [Comp. St. §§ 5174–5187]). In the original petition the government asked for the appointment of condemnation commissioners, in accordance with chapter 176, Code Va. 1919, and the procedure there set out has been followed un-

til now. Two reports, made by different commissioners, have been set aside; the last by order made July 2, 1926.

In view of the order of July 2d, the government has moved the court, in lieu of the appointment of a third commission, to grant the government a trial of the issues in this cause by jury The landowner resists this motion, which is based on a ruling of the Circuit Court of Appeals of this circuit in Beatty v. U. S., 203 F. 620, 122 C. C. A. 16. I am, of course, bound by the Beatty Case in similar cases, and in such cases I shall, as of course, follow the Beatty Case until it is overruled. However, in that case the ruling was that the landowners have a right given them by the Seventh Amendment to a jury trial of the sum to be awarded in expropriation proceedings. That there is such right, under the laws then and now in force, in the government, was not decided, and could not have been decided in that case. It necessarily follows that the Beatty Case does not control this court in respect to the present motion.

By Act of Congress of August 1, 1888, c. 728 (25 Stats. 357 [Comp. St. §§ 6909, 6910]), "An act to authorize condemnation of land for sites of public buildings, and for other purposes," the procedure to be followed is in section 2 (Comp. St. § 6910), thus prescribed: "The practice, pleadings, forms and modes of proceeding in causes arising under the provisions of this act shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such circuit or district courts are held, any rule of the court to the contrary notwithstanding."

In United States v. Chichester (D. C.) 283 F. 650, I have stated the reasons for believing that the statute above quoted requires that the procedure set out in chapter 176, Code 1919, be followed, as near as may be, in federal condemnation suits in this court. The procedure under chapter 176 of the Code of Virginia of 1919 is that the court appoints commissioners to view the land as often as· may be necessary, and that no jury trial is authorized in any event.

[1] The Seventh Amendment is part of the federal Bill of Rights. Robertson v. Baldwin, 165 U. S. 275, 281, 17 S. Ct. 326, 41 L. Ed. 715; Cooley Const. Lim. (5th Ed.) top pages 313–316. The first ten amendments were intended to protect the people from governmental aggressions, and it is, to my mind, a mere perversion of the purpose and intent of the Seventh Amendment to contend that it gives the government a right to a jury trial

in any case. It imposes an obligation on the government as plaintiff to submit to a trial by jury in certain classes of cases at common law. It is true that in the classes of cases in question the government has a right to a trial by jury; but this right was not, as I believe, intended to be given, and was not given, by the Seventh Amendment. This right would, I think, have existed merely by force of long-continued usage, both in England and America, as a matter of common law; but it is certainly given by a statute enacted by the first Congress (see Act Sept. 24, 1789, c. 20, §§ 9, 12, 1 Stat. pp. 77, 80) as follows: "And the trial of issues in fact, in the District Courts, in all causes except civil causes of admiralty and maritime jurisdiction, shall be by jury." Again, "And the trial of issues in fact in the Circuit Courts shall, in all suits, except those of equity, and of admiralty, and maritime jurisdiction, be by jury." These statutory provisions were carried into the Revised Statutes as sections 566 and 648 (Comp. St. §§ 1583, 1584).

If, as was held in the Beatty Case, the Seventh Amendment gives the landowner a right to a jury trial in condemnation suits brought by the government in Virginia, then, prior to August 1, 1888, the above-mentioned statute law necessarily applied to such suits. The right of the landowner to a jury trial, when it exists, is given both by the Seventh Amendment and by the statute law. But the right of the government to a jury trial, when it exists, is given by common law and by statute, and was not, because of the intent and purpose of the Seventh Amendment, given by the Constitution. The simplest and best reason for saying that the Seventh Amendment does not preserve a right in the government to trials by jury is that there was not the slightest need for such intent, and that the obvious purpose was not to preserve such right, but was to preserve the right of the people as against the government. I find it impossible to believe that the Seventh Amendment was intended to protect the government against Congress or against the federal courts.

[2] If I am right so far, as the act of August, 1888, is later than section 566, and as the act of 1888 is a special statute, while section 566 is general, of course, the act of 1888 prevails. And if Congress has directed that the Virginia procedure (chapter 176, Code 1919) be followed, I cannot agree that either the Attorney General, the Secretary of Agriculture, or the National Forest Reserve Commission can overrule the statute law. I find nothing in Beyer v. Brownlow, 276 F. 460, 51 App. D. C. 92, which seems to me to be of interest in the case at bar.

[3, 4] But if, contrary to my belief, the Seventh Amendment be regarded as giving the government a right to trial by jury in certain classes of cases at common law (which by force of the Beatty Case must by this court at least pro tem. be held to include government condemnation proceedings in this state), still the act of 1888 is a clear waiver of such right. An act of Congress directing, in effect and in purpose, that commissions of viewers be used of necessity, shows an intention not to use a jury, and must be regarded as at least a waiver, so far as the government is concerned, of any right to a jury. While the subject is new to me, I think that Congress has the power, by duly enacted statute, to waive any such right as is here in question. So far as I know the constitutionality of section 649, Rev. Stats. (Comp. St. § 1587), which dates from 1865, is not open to question, and the power of Congress to thus authorize counsel representing the government, in civil common-law causes in which the government is plaintiff, to waive trial by jury, by joining in a written stipulation to such effect, is not doubted.

But, if Congress has the power to authorize counsel to waive the government's right to trial by jury, Congress must itself have the power to waive such right. Power to authorize another to waive a right implies power to waive the right directly. In other words, if there is constitutional power in Congress to authorize a waiver of trial by jury, there must also be constitutional power in Congress to directly waive jury trials by statute. The Constitution, as I think, contains no such restriction on the powers of Congress that it must act indirectly and may not act directly.

It follows that, even if it be considered that the government's right to trial by jury in common-law causes be given by the Seventh Amendment, still Congress has the power to waive such right by statute; and by the act of 1888 (25 Stat. 357) Congress has waived the government's right to jury trials in condemnation cases in all of those states in which the state procedure in like causes does not authorize the use of common-law juries.

I shall overrule the government's motion.