**MILLER v. TENNESSEE GAS TRANSMISSION CO.**

Civ. A. No. 3475.

United States District Court
W. D. Louisiana, Lake Charles Division.

Aug. 27, 1953.

24

Oliver P. Stockwell, Plauche & Stockwell, Lake Charles, La., Jennings B. Jones, Jr., Cameron, La., P. M. Flanagan, New Orleans, La., for plaintiff.

Clyde R. Brown, Shotwell & Brown, Monroe, La., William M. Hall, Jr., Liskow & Lewis, Lake Charles, La., for defendant.

DAWKINS, District Judge.

Plaintiff granted to defendant a right-of-way over certain marshlands to be used in laying a pipeline for the transmission of natural gas a long distance to market. The terms of the grant were specific as to restoration of conditions of the terrain after the pipe had been laid, as well as other details. This suit was to recover $200,000 alleged damages in the destruction of property in the laying of the pipeline, building and use of the driveway, damages to trees, timber of the adjoining lands, etc., and the failure to restore the property to its former condition according to the contracts.

The case was tried at length to a jury which returned a general verdict for defendant.

Plaintiff has moved for a new trial, on the ground that the verdict was a miscarriage of justice and contrary to the great weight of the evidence, in that it disregarded all of that in plaintiff's favor as well as concessions made by the defendant and its experts.

■ Under Rule No. 59(a) Federal Rules of Civil Procedure, 28 U.S.C.A., in a situation of this kind the Court may allow the verdict to stand as to issues which it thinks have been properly or fairly decided, but may grant a new trial as to those remaining.

■ On due consideration of plaintiff's motion for a new trial generally and a review of the evidence which has been transcribed, the Court is of the view that all of the claims for damages, other than the failure to restore the right-of-way and roadway covered by two separate agreements, were peculiarly such as the jury was fitted to determine, including conflicts. in the statements of witnesses and so forth, and that the motion as to those should be denied, with judgment for the defendant. However, as to the claim for restoration of the property as required by those contracts, not only did the defendant in the statement of the issues to the jury by counsel in the opening of the case, concede that defendant had not complied with the contract, but gave as the reason therefor weather conditions and other circumstances which had prevented it from doing so.

In addition, defendant's expert, R. P. Gregory, was in charge of making the excavation, laying the pipeline, etc., and pursuant to investigations subsequently made, testified that it would require $4,650 to restore the property to substantially the same condition as it had been when the work commenced. Another expert of defendant, D. M. Glazer, in dealing with the same situation and before hearing any evidence of the plaintiff had reached a figure of $5,200.

Defendant contends that these witnesses based their figures upon facts claimed to exist by plaintiff and his witnesses, but an examination of the record shows that not only did Gregory lay the pipe and was therefore familiar with the conditions when he went upon the property and when the work of laying the line was finished but also made an examination of the property before he testified as a witness. The same situation applies to Glazer with respect to his examination and the giving of his testimony without regard to what the plaintiff and his witnesses represented.

This evidence does not appear to be disputed by any other proof.

■ The case involved a long and expensive trial, which would probably be repeated if the case was re-opened unconditionally or even on this limited issue. This

Court is convinced that a recovery of $5,-000 is justified on this record.

A large part of the time expended and the costs incurred in this case were caused by the highly inflated demands of the plaintiff which had been decided against him, and for this reason he should bear one-half of the entire cost, if the defendant decides to accept the solution for ending the matter which the Court has tendered.

The motion for a new trial as to the cost of restoring the right-of-way and roadway to substantially the condition required by the contracts between the parties will be granted, unless defendant shall file a consent to have judgment entered against it in the sum of $5,000 within thirty days from the filing of this ruling. If this is done, the motion for new trial will be denied.