Dr. Martin O. MILLER

v.

**TENNESSEE GAS TRANSMISSION COMPANY.**

No. 15042.

United States Court of Appeals,
Fifth Circuit.

March 22, 1955.

Oliver P. Stockwell, Plauche & Stockwell, Lake Charles, La., Jennings B. Jones, Jr., Cameron, La., P. M. Flanagan, New Orleans, La., for appellant.

Clyde R. Brown, Monroe, La., Wm. Hall, Jr., Lake Charles, La., for appellee.

Before HOLMES, RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

After the jury had rendered a verdict for the defendant, and the plaintiff had moved for a new trial, the trial court, with defendant's consent but against plaintiff's objection, entered a judgment against the defendant for the sum of Five Thousand Dollars and one-half of the costs of the court, and denied plaintiff's motion for new trial. The plaintiff appealed, and the question to be decided is whether, under the facts of this case, the action of the trial court was erroneous under the teachings of Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603. The facts are sufficiently detailed in the opinion of the District Court, reported in 114 F.Supp. 23 et seq.

Appellee attempts to find support for the judgment in the opinion of this Court in United States v. Kennesaw Mountain Battlefield Ass'n, 5 Cir., 99 F.2d 830. That was a condemnation case where the right to jury trial was not derived from the Seventh Amendment, and Dimick v. Schiedt, supra, was therefore held inapplicable. This Court, however, went further and said:

"But if we are wrong in this, and the proceeding was a common law action with a jury trial guaranteed under the Seventh Amendment, still the judgment should be affirmed, because it conclusively appears from the record itself, and from the findings of the District Judge, that the trial was not attended with any error for which a new trial at common law ought to have been granted."

United States v. Kennesaw Mountain Battlefield Ass'n, supra, 99 F.2d at page 834.[1]

 It has been often said that a new trial is usually not a matter of right.[2] "Right", however, is used in many senses, and the use of the word is often confusing. In the present connection, it is ordinarily employed with relation to the trial judge's discretion.[3] Even then, however, as was held in Marsh v. Illinois Cent. R. Co., supra, notes 2 and 3, (see also Indamer Corporation v. Crandon, 5 Cir., 217 F.2d 391, 393) the moving party is entitled, as a matter of right, to have the judge exercise his discretion. It follows, we think, that such discretion, even when not subject to review on appeal,[4] is a legal discretion, a mature judicial discretion, and its exercise is not a mere matter of grace

1. In other parts of its opinion, this Court said:
"* * * that case (referring to Dimick v. Schiedt, supra), decided as it was by a closely divided court, is authority only for its own facts, and those facts are not present here. Those facts as shown by the opinions of the Circuit Court of Appeals, and of the Supreme Court, were that the trial was attended with serious error for which a new trial ought to have been granted at common law, and the holding was that though Federal decisions had furnished a precedent for curing such errors by remittitur when the verdict was not the result of passion or prejudice, there were no authoritative precedents, either English or American, for curing them by additur." 99 F.2d at pages 833, 834.
"The case stood below and stands here, then, as one in which the record shows an errorless trial, and no right in the Association therefore, at common law, to have a new trial granted.
"Cross appellants are thus in the position of complaining of a judgment which gave them more than they could claim under the verdict, a matter not at all to their injury, but greatly to their advantage. Under these circumstances, we think it inescapable that the rule of Dimick v. Schiedt, announced in, and applied to, a trial in which at common law a new trial ought to have been granted for error, is wholly without application here." 99 F.2d at pages 834–835.

2. "Except as conferred by some statutory enactment, or perhaps where the ground of application is error of law, a new trial is not a matter of right, although there may exist cause for new trial * * *." 39 Am.Jur., New Trial, Sec. 13, p. 39.
"* * * the common law power of the trial judge to grant a new trial in his discretion, irrespective of error and merely because he does not think the verdict right, is fully preserved. Parsons v. Bedford, Breedlove & Robeson, 3 Pet. 433, 7 L.Ed. 732." Marsh v. Illinois Cent. R. Co., 5 Cir., 175 F.2d 498, 499.

3. "A motion for new trial is addressed to the trial judge's discretion. He may grant a new trial if he thinks he has committed error; and he may grant one (and he alone can) because he thinks the verdict is wrong, though supported by some evidence. The exercise of his discretion is not ordinarily reviewable on appeal, though a failure to exercise discretion, or an abuse of it, may be corrected." Marsh v. Illinois Cent. R. Co., 5 Cir., 175 F.2d 498, 500.
When the trial court abuses its discretion, that amounts to a *legal error* and may be reviewed as such. Virginian Ry. Co. v. Armentrout, 4 Cir., 166 F.2d 400, 407, 408, 4 A.L.R.2d 1064; 6 Moore's Federal Practice, 2nd. ed., Para. 59.08 (6), p. 3827, Notes 29 and 30.

4. See Whiteman v. Pitrie, 5 Cir., 220 F.2d 914, No. 15266, decided Mar. 22, 1955.

**436**

toward the moving party. See 6 Moore's Federal Practice, 2nd. ed., Para. 59.08 (5), pp. 3818, 3819. As said by Judge Borah in Commercial Credit Corporation v. Pepper, 5 Cir., 187 F.2d 71, 75: "The term 'discretion', however, when invoked as a guide to judicial action, means a sound discretion, exercised with regard to what is right and in the interests of justice." [5] A more expeditious and efficient administration of justice might result if the use of additur, consistent with the remittitur practice, could be adopted. That desirable end, however, cannot be attained except through legal and constitutional methods.[6]

■■ The discretion as to granting or refusing a new trial on all or any part of the issues is a legal discretion and is vested in the district court and in that court alone. Marsh v. Illinois Cent. R. Co., supra, notes 2 and 3, 175 F.2d at pages 499, 500; Rule 59(a), Fed.Rules Civ.Proc. 28 U.S.C.A. In the Marsh case, supra, the district court did not exercise its full discretion because it granted a judgment notwithstanding the verdict (set aside on appeal) and assumed that, having done so, it should deny the motion for new trial. The case was remanded with direction to the judge, if he continued of the same opinion, to grant a new trial. The situation here is similar. Because the district court granted a judgment against the defendant (which must be set aside),[7] it denied the motion for

new trial without exercising its full discretion. The judgment is, therefore, reversed and the cause remanded with direction to the court to exercise its discretion as to the granting of a new trial on all or part of the issues.[8]

Reversed and remanded.

5. Judge Borah cites Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520, where, as to discretion generally, it is said:

"The term 'discretion' denotes the absence of a hard and fast rule. The Styria v. Morgan, 186 U.S. 1, 9, 22 S.Ct. 731, 46 L.Ed. 1027. When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result."

6. On the binding effect on lower federal courts of a five to four decision of the Supreme Court, see Penfield Co. of California v. Securities & Exchange Commis-

sion, 9 Cir., 143 F.2d 746, 154 A.L.R. 1027; Dichmann, Wright & Pugh v. Weade, 4 Cir., 168 F.2d 914, 916; 14 Am. Jur., Courts, Sec. 84.

7. Appellee makes no contention that the judgment can be sustained on the ground that the liability was admitted and the amount of damages not in dispute. (See the reference to the district court's opinion in 6 Moore's Federal Practice, 2nd ed., Para. 59.05(4), p. 3755, Note 14). Actually, the plaintiff's witnesses placed the cost of doing the necessary restoration work at from $41,580 to $43,000.

8. Rule 63, F.R.C.P., makes provision for another judge to perform the duties in this respect to be performed by the court, in the event the judge before whom the action was tried should be unavailable.