**MILPRINT, Inc., a corporation,**
**Appellant,**

v.

**DONALDSON CHOCOLATE COMPANY,**
a corporation, Appellee.

No. 15297.

United States Court of Appeals
Eighth Circuit.

June 14, 1955.

Lawrence R. Brown, Kansas City, Mo. (Michael J. Bogutski and Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., on the brief), for appellant.

Walter A. Raymond, Kansas City, Mo. (Alfred Kuraner, Irving Kuraner, and Kuraner, Freeman, Kuraner & Oberlander, Kansas City, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the plaintiff (appellee), a Missouri corporation which makes candy bars, in an action brought by it against the defendant (appellant) for the alleged breach of an implied warranty. The defendant is a Delaware corporation which makes a grease-proof paper, known as "glassine", for the wrapping of candy bars.

In its complaint the plaintiff alleged, in substance, that in December, 1950, and from time to time thereafter it purchased candy-bar wrappers from the defendant at a total price of $12,913.62, which wrappers the defendant knew were to be used on machines recently installed by the plaintiff for the wrapping and sealing of its candy bars; that the defendant warranted the wrappers to be suitable for their intended purpose; that the wrappers turned out to be unusable and worthless. The plaintiff asked for judgment against the defendant for the full purchase price paid for the wrapping material.

In its answer the defendant asserted that during January, February and March, 1951, it sold to the plaintiff, and the plaintiff paid for, wrapping material to the amount of $12,925.31; that, upon the plaintiff's request and the return by it of certain of the wrapping material, the defendant credited the plaintiff with

$1,416.12, which credit the plaintiff used to purchase and pay for other products procured from the defendant. The defendant denied that the wrapping material furnished the plaintiff was unfit for the purpose for which it was intended, and asserted that if the wrapping material became defective it was due to the plaintiff's failure to use it promptly. As a counterclaim, the defendant alleged that on January 11, 1952, it sold and delivered to the plaintiff wrapping material of the value of $575.95, which was not paid for. The plaintiff denied the allegations of the counterclaim.

The pleadings raised three issues for trial: (1) whether the defendant was liable to the plaintiff for breach of an implied warranty of the fitness of the wrapping material sold to the plaintiff; (2) if so, what damages were recoverable by the plaintiff for such breach; and (3) whether the plaintiff was indebted to the defendant in the amount of $575.95 for wrapping material sold and delivered to the plaintiff in January, 1952.

The issues were tried to a jury. At the trial it was agreed that the net cost to the plaintiff of the wrapping material in suit which the plaintiff had not used and for which it was claiming damages was $10,179.94. The wrapping material was made and printed for the exclusive use of the plaintiff and was conceded to be of no value to anyone other than the plaintiff.

At the close of the evidence, neither party moved for a directed verdict. The plaintiff made no request for an instruction to the effect that if the jury found in favor of the plaintiff the verdict must be for $10,179.94. It was not suggested that any of the issues were not for the jury to decide. The case was submitted to the jury upon unchallenged instructions. The jury was given two forms of verdict. One was to be used if the jury found in favor of the plaintiff. This form had a blank space left for the insertion by the jury of the amount of damages. The other form was to be used if the jury found for the defendant and sustained its counterclaim.

On the issue of damages, the court charged the jury as follows:

"You are charged that in a suit to recover damages for an alleged breach of warranty, the measure of damages is the difference between the price paid for the paper and the reasonable value thereof. Now, I think I should say this to you, that under the evidence in this case, it seems to the court, that the product was made up for a certain purpose and it had no value for any other purpose. That is, we are dealing now as of the time it was made and delivered. It was made up for a certain purpose. If it was not suitable for that purpose, it was not suitable for any other purpose. That is simply the expression of the opinion of the court, but if your verdict be for the plaintiff, it will be in such amount as you may find and believe from the evidence as the difference between the amount the plaintiff paid for it and its reasonable value, and, of course, you should take from it this amount that they used, with that exception, of course."

The jury returned a verdict for the plaintiff for $2,750, without interest, and found against the defendant on its counterclaim. This, under the evidence and the instructions of the court, apparently amounted to a determination by the jury that the defendant was guilty of a breach or a partial breach of its implied warranty of the fitness of the wrapping material in suit for its intended purpose; that $2,750 represented the difference between the price paid for all of the unused material and what it was reasonably worth to the plaintiff had such of it as was usable been used; and that the material sold and delivered to the plaintiff, upon which the defendant's counterclaim was based, was valueless.

Judgment was entered on the verdict. The plaintiff made a "Motion to Amend Judgment, or in the Alternative for Partial New Trial, or in the Alternative for

New Trial," upon the ground that the amount of damages was inadequate, contrary to the evidence, against the greater weight of the evidence, and in disregard by the jury of the law as stated by the court in its instructions and of the stipulation of the parties that the amount paid to the defendant for the material, less credits, was $10,179.94.

The District Court, in sustaining the motion of the plaintiff, quoted its instructions on the issue of damages and stated:

> "There is no evidence in the record that any part of it [the wrapping material] was used for the purpose for which it was intended, and it had no value for any other purpose, and by its verdict the jury has found that it was not suitable for that purpose.
>
> "It is therefore the opinion of the court that there is no evidence to support the verdict of the jury; that it is in direct violation of the instruction of the court, and that the plaintiff is entitled to the sum of $10,179.94."

The court thereupon entered a judgment for the plaintiff for $10,179.94.

The defendant moved the court to set aside this judgment and to reinstate the judgment for $2,750, on the grounds that the judgment for $10,179.94 was violative of the Seventh Amendment to the Constitution of the United States in that it deprived the defendant of its right to a jury trial; that it was inconsistent with the court's instruction that the defendant was entitled to credit for the amount of paper used by the plaintiff; and that it was undisputed that part of the paper, of a value in excess of $1,500, was used. The motion was denied.

If, under the evidence, viewed in the aspect most favorable to the defendant, the issue of damages was an issue of fact for the jury, as the parties and the court obviously thought it was when the case was submitted, the court was unquestionably without power to increase the judgment entered on the jury's verdict. Dimick v. Schiedt, 293 U.S. 474,

55 S.Ct. 296, 79 L.Ed. 603; Mutual Benefit Health & Accident Ass'n v. Thomas, 8 Cir., 123 F.2d 353; Miller v. Tennessee Gas Transmission Co., 5 Cir., 220 F.2d 434.

The Supreme Court said in Dimick v. Schiedt, supra, at page 486 of 293 U.S., at page 301 of 55 S.Ct.:

> " * * * Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care. Compare Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854.
>
> "The controlling distinction between the power of the court and that of the jury is that the former is the power to determine the law and the latter to determine the facts. In dealing with questions like the one now under consideration, that distinction must be borne steadily in mind. Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly determine the question of liability and the extent of the injury by an assessment of damages. Both are questions of fact. * * * "

The position of the plaintiff now is that its "damages in the amount of $10,179.94 were established by the uncontradicted evidence and stipulation of Counsel; that there was no issue of fact for the jury as to the amount of damages but the same was established as a matter of law; that the trial court properly corrected the judgment to the correct amount and had it not done so this court would have made such correction; that the real issue is merely one of procedure."

■ It is well settled that issues which depend upon the credibility of witnesses and the weight of evidence are

to be decided by the jury; that an issue which is uncertain because of a conflict in the evidence or because fair-minded men will honestly draw different conclusions from the undisputed facts, is one of fact for the jury; and that it is only where the evidence upon any issue is all on one side or so overwhelmingly on one side as to leave no doubt what the fact is, that the issue becomes one of law for the court. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Svenson v. Mutual Life Ins. Co. of New York, 8 Cir., 87 F.2d 441, 443; Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 439; Tyson v. Commissioner of Internal Revenue, 8 Cir., 146 F.2d 50, 54; Weiss v. Commissioner of Internal Revenue, 8 Cir., 221 F.2d 152.

■ We find it unnecessary to state in detail the facts out of which this controversy arose. The burden of proof was on the plaintiff to establish the alleged breach of warranty and the amount of its damages proximately resulting from such breach. It is only infrequently that an issue with respect to which a party has the burden of proof becomes an issue of law. Illinois Terminal R. Co. v. Friedman, 8 Cir., 208 F.2d 675, 678.

■ The only witness who testified for the plaintiff in support of its claim was its president and general manager, who was not a disinterested witness and whose testimony the jury was not compelled to accept at full face value. Elzig v. Gudwangen, supra, 91 F.2d 434, 440–444; Noland v. Buffalo Insurance Co., 8 Cir., 181 F.2d 735, 738 and cases cited. The testimony of the plaintiff's president tended to show that the wrapping material which the plaintiff had not used was unusable because so large a proportion of it was defective and unfit for machine-wrapping and sealing of the plaintiff's candy bars that it was impracticable to use any of it. The defendant's testimony was to the effect that the wrapping material furnished by it to the plaintiff was not unfit for its intended purpose; that a substantial amount of it had actually been used by the plaintiff; and that the plaintiff was authorized to return, and

to receive credit for, any that proved defective, but did not return the material which the plaintiff did not use.

The evidence on behalf of the plaintiff would have justified the jury in inferring that the unused wrapping material was virtually unusable and worthless, and that the plaintiff had been damaged in the full amount it had paid for the material which it did not use. The evidence of the defendant, on the other hand, would have warranted the jury in finding that the material was not unfit for its intended purpose, or that it was not unusable or valueless to the extent indicated by the testimony of the plaintiff's president, and that the difference between what the plaintiff had paid for the material and what it would have been worth to the plaintiff had it seen fit to use the material, instead of resorting to the use of cellophane as a wrapping material, was less than the price paid for the unused glassine material.

■■ Our conclusion is that the issue of damages was not an issue of law for the court, that the court was without power to increase the amount of damages from the $2,750 awarded by the jury to $10,179.94, and that the judgment for the latter amount must be reversed.

The defendant contends that, in reversing the judgment appealed from, this Court should direct the District Court to reinstate the judgment for $2,750 and that it clearly would be an abuse of discretion for the District Court to grant either a partial or a complete new trial of this case.

■ The question whether the District Court, if it had granted the plaintiff a new trial or a partial new trial, instead of increasing the amount of the verdict, would have abused its discretion, is not before us for review. If an order had been entered by the District Court granting a new trial on every or on any issue, the order would not have been appealable and could have been reviewed only for an alleged abuse of discretion on an appeal from the judgment ultimately entered. Ordinarily the action of a trial court on

a motion for a new trial is not reviewable. Elzig v. Gudwangen, supra, at page 436 of 91 F.2d; Emanuel v. Kansas City Title & Trust Co., 8 Cir., 127 F.2d 175, 176.

The only question which properly is before us for review on this appeal is the legality of the judgment for $10,179.94. On remand, it will be for the District Court to determine whether the judgment for $2,750 entered on the verdict of the jury shall be reinstated, or whether, in the exercise of a sound judicial discretion, a new trial or a partial new trial shall be ordered. See and compare Miller v. Tennessee Gas Transmission Co., supra, at pages 435 and 436 of 220 F.2d.

The judgment appealed from is reversed, and the case is remanded with directions to reinstate the judgment for $2,750 entered upon the verdict of the jury, unless the District Court shall, in its discretion, order a new trial as to all or a part of the issues.