## C. H. PHINNEY LAND COMPANY v. B. E. COREY.[1]

February 5, 1909.

Nos. 15,803—(104).

Action in the district court for Grant county to recover $640, and interest, on two promissory notes. The answer set up the facts stated in the opinion, and that prior to the tender of the abstract of title valuable timber had been cut and removed from the premises. The case was tried before Flaherty, J., who directed a verdict in favor of defendant. From an order granting plaintiff's motion to set aside the verdict and for a new trial, defendant appealed. Affirmed.

*N. J. Bothne,* for appellant.

*F. W. Murphy* and *E. J. Scofield,* for respondent.

PER CURIAM.

Plaintiff and respondent, a corporation, sold certain lands to the defendant and appellant for the sum of $1,920. The first of the payments of $320 each was evidenced by a promissory note. Action was brought thereon.

The defense was that plaintiff had failed to furnish an abstract as the contract required, whereby he was prejudiced and the contract ipso facto terminated. Under the contract, if the abstract failed to show a good marketable title to the land, or the deed was not made within a time named (November 15, 1903), the earnest money and the note should be forfeited. The contract was made September 22, 1903. Defendant says that no abstract was in fact furnished or attempted to be furnished until about the thirteenth or fourteenth day of December, 1903, a month after the first note became due and after "the deal was to be closed up," and that he then refused to accept the abstracts. (The abstracts showed that plaintiff had no title to the land until January 15, 1904.)

At the close of the evidence, the trial court directed a verdict for defendant. He subsequently granted a motion for a new trial, because he thought there should have been submitted to the jury the issue whether defendant had waived the furnishing of the abstract. The order of the trial court, while not entirely discretionary, involved his opinion that there was conflicting evidence, making it a question of fact for the jury. An examination of the record has satisfied us that there was sufficient testimony given by the defendant himself which, within the familiar rule on that subject, justified the order of the trial court. In this view it would be obviously improper to influence a new trial by consideration of other features of the case. Affirmed.

[1] Reported in 119 N. W. 1134.