## LOIS KOENIGS, AS TRUSTEE OF CAUSE OF ACTION ARISING OUT OF DEATH OF HENRY J. KOENIGS, v. LEON WERNER AND ANOTHER.

134 N. W. (2d) 301.

December 4, 1964—No. 39,322.

*Patrick W. Fitzgerald, John R. Moonan, Ray G. Moonan,* and *John E. Castor,* for appellant.

*Baudler & Baudler* and *Casey & Conway,* for respondent plaintiff.

SHERAN, JUSTICE.

Appeal by defendant Leon Werner from an order of the district court denying his motion for judgment notwithstanding the verdict or a new trial.

Appreciation of the issues raised requires an understanding of the simple factual and complicated procedural background of this action for death by wrongful act.

On December 5, 1959, at about 10 a. m., a collision occurred at an open, level intersection of two crushed rock-surfaced roads, the traveled portions of which were 24 and 26 feet wide, in a rural area between a westbound pickup truck operated by defendant Robert Ahrens and a northbound passenger car operated by defendant Leon Werner in which decedent, who died as a result of the accident, was riding as a passenger. Weather conditions were normal. The westbound car drove past a "yield right-of-way" sign as it entered the intersection.

The case has been tried twice. It was first submitted to a jury which found both drivers negligent, but concluded that the negligence of Ahrens alone was the proximate cause of the accident. Upon a post-trial motion the jury finding that Werner's negligence was not a proximate cause of the accident was set aside and a new trial was granted on that issue only. An appeal from this order was dismissed in Koenigs v. Werner, 263 Minn. 80, 116 N. W. (2d) 73, because of our limited power to review orders granting a new trial. Then Werner,

acting upon a suggestion appearing as dictum in the opinion, moved that the scope of the new trial be broadened to include the issue of his negligence as well as proximate cause. It was so ordered.

The evidence at the second trial was substantially the same as that submitted at the first. The trial judge found Ahrens negligent as a matter of law and submitted the case to the jury for determination of Werner's negligence and the question of proximate cause as to both drivers. By returning a general verdict for the plaintiff against both drivers, the jury in effect found the negligence of each of the vehicle operators to have been a proximate cause of the accident.

After defining negligence and proximate cause in standard terms, the trial court referred to applicable sections of the Highway Traffic Regulation Act, including Minn. St. 169.201,[1] 169.14, subd. 2,[2] and 169.14, subd. 3.[3]

In this connection, appellant asked that the jury be charged:

"V. The driver of a vehicle upon a through highway who is approaching an intersection knowing that it is protected by yield the right of way signs, may assume until he sees or should see otherwise that the driver approaching the intersection on the intersecting highway will respect the right of way and obey the law. *Where the driver upon a through highway protected by yield right of way signs is driving his vehicle at a speed which is prima facie lawful under 169.14, Subd. 2, he need not reduce his speed in passing over an intersection of said through highway and an intersecting road, for the statute does not con-*

---

[1]Minn. St. 169.201 provides: "The driver of a vehicle approaching a YIELD sign shall slow to a speed that is reasonable for conditions of traffic and visibility, and stop if necessary, and yield the right of way to * * * all vehicles on the intersecting street or highway which are so close as to constitute an immediate hazard."

[2]The court instructed: "169.14, Subdivision 2: The speed limit in effect at the time and place in question was sixty miles an hour."

[3]Minn. St. 169.14, subd. 3, provides: "The driver of any vehicle shall, consistent with the requirements, drive at an appropriate reduced speed when approaching and crossing an intersection * * * and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

*template such reduced speed on through highways.* Dahling v. Damman, 51 M. 171, 87 N. W. 2 25; Schleuder v. Soltow, 239 M. 453, 59 N. W. 2 320.

"VI. *A person driving 60 m.p.h. in the daytime need not reduce his speed while approaching and passing over intersections along the through highway protected by yield the right of way signs where no special hazards exist. The fact that one other car is approaching the intersection is not a special hazard requiring reduced speed.*" (Italics supplied.)

The portions of the requested instructions which have been italicized were, in effect, denied. The sentence not italicized was given.

Error is assigned upon the grounds that: (1) The trial court erred in submitting the issue of proximate cause relative to Ahrens to the second jury in view of the unassailed determination of accident-causing fault by the first jury; (2) the trial court erred in instructing the jury with respect to the provisions of § 169.14, subd. 3; in failing to give the instructions requested by Werner which are set out above; and in failing, though not requested, to explain when a vehicle approaching an intersection becomes a special hazard within the meaning of § 169.14, subd. 3.

■ Since the second jury found Ahrens' negligence a proximate cause of the accident, there was no prejudicial error in a legal, as distinguished from a tactical, sense. See, Elk River Concrete Products Co. v. American Cas. Co. 268 Minn. 284, 129 N. W. (2d) 309.

■ The evidence was adequate to support a jury finding that with a proper lookout Werner should have known in time sufficient to avoid the collision, had his speed been reasonable, that Ahrens was proceeding into the intersection without observing or respecting the yield right-of-way sign. At that moment Ahrens' approaching car became a special hazard, although until then it may not have been.[4] Under these circumstances, it was proper to read § 169.14, subd. 3. Modification was provided by the instructions as given, the first sentence of requested

---

[4]See, Neal v. Neal, 238 Minn. 292, 56 N. W. (2d) 673, and cases cited in footnote 2 of that opinion.

instruction No. V having been accepted by the court. The balance of the requested instructions, implying that a car approaching a through highway is never a special hazard requiring reduced speed, was properly declined under the circumstances of this case.

It has been argued that the instructions as given by the trial judge would have been improved by an additional statement to the effect that a car approaching a through highway is not a "special hazard" requiring reduced speed within the meaning of Minn. St. 169.14, subd. 3, unless and until reasonable observation of it by one driving on a protected highway should give notice of possible failure to yield the right-of-way. This is a different concept than that which would have been conveyed to the jury if the rejected instructions set out above had been given. The failure to give such a modified version of the requested instruction and to specify the time when a car approaching an intersection does become a special hazard (i.e., when the likelihood of failure to yield the right-of-way becomes observable in the exercise of due care) is not reversible error justifying a third trial of this case when, so far as the record discloses, this modification was not proposed to the district court at the time of trial.[5]

Affirmed.

---

[5]In Adelmann v. Elk River Lbr. Co. 242 Minn. 388, 65 N. W. (2d) 661, the failure of the trial court to read § 169.14, subd. 3, was held to be prejudicial error even though the request for the instruction was incomplete. Except in so far as the case recognizes that traffic approaching an intersection may be a special hazard requiring reduced speed on the part of another driver, it does not control decision here.