HAROLD J. SCHAFER, TRUSTEE FOR HEIRS OF
DELORES ZENS, v. LESTER V. PIERCE.
HERMAN ZENS, THIRD-PARTY DEFENDANT.

150 N. W. (2d) 201.

April 21, 1967—No. 40,271.

*Winter, Lundquist & Sherwood,* for appellant.
*English & Velta,* for plaintiff respondent.
*Meehl & Wiltrout,* for third-party defendant respondent.

SHERAN, JUSTICE.

Appeal from district court judgments.

On August 11, 1964, a collision occurred at the intersection of two graveled roads in a rural area when a southbound vehicle operated by defendant and third-party plaintiff, Lester V. Pierce, collided with an eastbound vehicle operated by third-party defendant, Herman Zens. The death of a passenger in the Zens car resulted from the collision. The present action for death by wrongful act was brought against defendant Pierce who perfected third-party proceedings against defendant Zens. Implicit in the verdict of the jury was a finding that the negligence of Lester Pierce was the sole cause of the collision and, post-trial motions having been denied, the question on review is whether the verdict is sustained by the evidence.

The uncontrolled intersection where the accident happened is on the crest of a hill and in a cut so that vision is obstructed for drivers approaching from the west and from the north.

At about 7:30 p. m. on the day of the accident, August 11, 1964, defendant Zens, well acquainted with the area, approached the intersection from the west at a speed of about 50 to 55 miles per hour. As he neared the intersection he looked first to the left and then to the

right but saw nothing. The speed of his car might have been reduced slightly because the road on which he was driving ascends as it approaches the intersection, but Zens took no affirmative measures to reduce his speed.

Defendant Pierce, approaching the intersection from the north at about 35 to 40 miles per hour, was not familiar with the road. His wife, who had lived in the area at one time, was giving him general directions as to how to reach their destination. However, she said nothing regarding the intersection as they approached it. Pierce did not see the intersection until he was about in it. But he knew generally that crossroads are to be expected at one-mile intervals in rural southern Minnesota, and a telephone line extending along the right-of-way of the east-west road was observable. The Pierce car entered the intersection in front of the Zens car and from its left. Zens, having no time to act, collided with it.

The evidence was obviously sufficient to support the jury's finding that negligence on the part of Pierce proximately caused the accident. Although he professed ignorance of the fact that he was approaching an intersection, this lack of awareness was apparently not justified in the jury's opinion and with this we agree. See, Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585; Dreyer v. Otter Tail Power Co. 205 Minn. 286, 285 N. W. 707.

The jury was justified in finding Zens not guilty of negligence proximately causing the accident. He looked both to the left and to the right but saw nothing coming. We cannot say that the manner of his lookout constituted negligence as a matter of law even though, because of trees and the lay of the road, he could see but little to his left. Compare Jeddeloh v. Hockenhull, 219 Minn. 541, 18 N. W. (2d) 582, and DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350. Despite the fact that he knew this was a dangerous intersection, the jury could have found that defendant Zens, having the right-of-way, was justified in assuming that any car approaching from his left would yield to him. See, Ballweber v. Kleist, 248 Minn. 102, 78 N. W. (2d) 671; Walkup v. Bardsley (8 Cir.) 111 F. (2d) 789; Davidson v. Vast, 233 Iowa 534, 10 N. W. (2d) 12.

Pierce contends that Zens lost the right-of-way by reason of excessive speed. See, Minn. St. 169.20; Dose v. Yager, 231 Minn. 90, 42 N. W. (2d) 420; Kunkel v. Paulson, 197 Minn. 107, 266 N. W. 441; Johnston v. Selfe, 190 Minn. 269, 251 N. W. 525; Lowery v. Clouse (8 Cir.) 348 F. (2d) 252. We have held in a somewhat comparable situation that if one drives into a dangerous intersection at an excessive speed, he may be chargeable with negligence contributing to the accident as a matter of law, although collision is with a car negligently entering from the left. Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647. But here the jury was not obligated to find that Zens was driving at an excessive speed. The prima facie speed limit was 65 miles per hour, or such lesser speed as was required by the conditions.[1] Zens was not driving over 50 to 55 miles per hour and his car may have decelerated somewhat as he climbed the hill and neared the intersection. The jury could have found his speed to have been unreasonable under the circumstances. See, Dose v. Yager, *supra*; Johnston v. Selfe, *supra;* Lowery v. Clouse, *supra*. But it apparently did not do so. We feel bound to accept the implicit determination of the jury in this regard.

Affirmed.

---

[1] Minn. St. 169.14 provides in part: "Subdivision 1. No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"Subd. 2. Where no special hazard exists the following speeds shall be lawful, but any speeds in excess of such limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful; * * *:

\* \* \* \* \* \*

"(2) 65 miles per hour in other locations during the daytime;

\* \* \* \* \* \*

"Subd. 3. The driver of any vehicle shall, consistent with the requirements, drive at an appropriate reduced speed when approaching and crossing an intersection * * *, when approaching a hill crest, when traveling upon any narrow * * * roadway, and when special hazards exist with respect to * * * other traffic or by reason of weather or highway conditions."