ERNEST SWANSON AND ANOTHER v.
FRANK THILL AND ANOTHER.

152 N. W. (2d) 85.

June 23, 1967—Nos. 40,233, 40,247, 40,270.

*James G. Paulos,* for appellant plaintiffs.

*Karlins, Grossman, Karlins, Siegel & Brill, Sheldon D. Karlins,* and *Thomas V. Firth,* for appellant Bly.

*Robert W. Murnane,* for respondent Thill.

SHERAN, JUSTICE.

Consolidated appeals from a judgment in a personal injury action and orders of the district court made in response to post-trial motions preceding the entry of judgment.

On September 29, 1962, at about 5 p. m., a collision occurred in Ramsey County between a motor vehicle operated by defendant Frank P. Thill, southbound on Century Avenue, and a vehicle operated by defendant Emil E. Bly, westbound on Lower Afton Road. The point of impact was about the middle of the intersection of these two thoroughfares. Plaintiffs' actions for personal injuries were submitted to a jury upon special interrogatories. It found the collision to have been caused solely by the negligence of defendant Bly. Plaintiff Ernest Swanson having claimed damages for certain personal injuries unquestionably caused by the collision and, in addition, having adduced expert evidence in support of his claim that the Parkinson's disease from which he was suffering at the time of the trial was precipitated or aggravated by the trauma—which was contested by defendants' expert—the jury in response to question 9 of the special interrogatories submitted to it found:

"What sum of money will fairly and adequately compensate the plaintiff, Ernest Swanson, for all the damage he sustained as a direct and proximate result of said accident?

"A. $35,000

"B. What part of the above stated amount in 9-A, if any, is allocated as due to the Parkinson's Disease?

"$—0—"

In due course defendant Bly moved the court for an order setting aside the above answer 9-A (but not 9-B) as well as the answers to interrogatories 1, 3, and 4, constituting findings that defendant Thill was not negligent in the manner in which he operated his automobile but that de-

fendant Bly was causatively negligent. He also moved that a new trial be granted "against the plaintiffs and against the defendant, Frank P. Thill, on the issues embraced by Interrogatories 1, 3, 4, and 9A." The trial court ordered, "That the answer made and returned by the jury to Question 9A be and the same hereby is vacated and set aside and a new trial is hereby granted to the defendant Bly against the plaintiff Ernest Swanson on the issue embraced by said Question 9A." The balance of the motion was denied by order dated December 6, 1965.

On December 17, 1965, plaintiff Ernest Swanson moved the court to vacate and set aside the quoted part of this order or, in the alternative, to order a new trial on the issue of damages only unaffected by the jury's answer to interrogatory 9-B. This motion was denied on December 20, 1965.

Plaintiff Ernest Swanson made no motion for a new trial as against defendant Thill. He appeals from the order of the district court dated December 20, 1965, denying his motion of December 17, 1965, and from the judgment entered on behalf of defendant Thill exonerating him from liability. Defendant Bly appeals from the order of the district court dated December 6, 1965, in so far as it denied his motion to vacate and set aside the special verdict of the jury in its answers to interrogatories 1, 3, and 4.

On the appeal from the judgment entered in favor of defendant Thill, plaintiff Ernest Swanson, having made no motion for a new trial, can question only whether the evidence was sufficient to support the finding that defendant Thill was not negligent.

Because of the way in which defendant Bly's motion attacking the jury's findings in favor of defendant Thill was phrased, we have some difficulty considering the December 6 order appealable as one denying a motion for a new trial, but we do so, realizing that defendant Bly had cross-claimed against defendant Thill and that one purpose of the motion to have the answers to interrogatories 1, 3, and 4 set aside was to enable Bly to secure contribution from his codefendant.

For like reason, we have difficulty treating the order of the district court denying plaintiff Ernest Swanson's motion of December 17, 1965, as an

order denying a motion for a new trial of the issue of damages, but we do so because this appears to have been the purpose of it.[1]

Having thus defined the scope of our review, we consider these issues:

(1) Was the judgment relieving defendant Thill from liability on account of the accident sustained by the evidence?

(2) Is defendant Bly entitled to have the issue of defendant Thill's liability for the accident relitigated because:

(a) The jury was improperly informed in a prejudicial manner that the wife of defendant Thill died because of injuries sustained in this accident; or

(b) Although there was testimony indicating existence of a 15-mile-per-hour speed sign north of the intersection, the trial court refused to instruct that a speed in excess of 15 miles per hour on the part of defendant Thill would be prima facie evidence of negligence; or

(c) The trial court improperly received in evidence, as defendant Thill's exhibit 3, a regulation issued by the Minnesota Department of Highways denoting a sign of the type involved as merely advisory; or

(d) The trial court improperly instructed the jury to disregard evidence with respect to consumption of beer by Thill on the day of the accident in fixing the fault for the accident?

(3) Did the trial court properly direct, in effect, that the issue of damages attributable to the accident be retried, but that upon retrial it should be considered as a judicially established fact that the Parkinson's disease

---

[1] In his motion to dismiss plaintiff Ernest Swanson's appeal against him, defendant Bly asserts that plaintiff Swanson did not move for a new trial within the period provided by Rule 59.03, Rules of Civil Procedure. Defendant Bly apparently refers to Rule 59.03(3), which provides in part: "A notice of motion for a new trial to be heard on the minutes shall be served within 15 days after verdict or notice of the filing of the decision or report," and assumes that the time started running with the November 9, 1965, return by the jury of the special verdicts. Defendant Bly's assertion is not well founded. As noted in 3 Youngquist & Blacik, Minnesota Rules Practice, p. 315, "Construed together with Rule 58.01, the word 'verdict' refers to a general verdict only. If a special verdict is rendered, * * * the court must direct the appropriate judgment to be entered, and the time for making a motion for new trial should commence with the notice of the filing of the court's 'decision' embodied in the direction to the Clerk."

claimed by plaintiff to have been precipitated or aggravated by the trauma was not causally related to it?

## SUFFICIENCY OF EVIDENCE

■ The evidence received at trial justifies the verdict of the jury relieving defendant Thill from liability. The jury could have found that this defendant, southbound on an arterial highway, approached the open intersection at a speed of about 35 miles per hour; that he observed the Bly car approaching from his left at a moderate speed and reasonably assumed that the right-of-way would be yielded; and that he made a reasonable though unsuccessful attempt to avoid the impact as soon as it appeared that Bly was not yielding. In such a situation it was for the jury to decide whether the negligence of defendant Thill did or did not concur with that of defendant Bly in bringing about the collision. See, Schafer v. Pierce, 276 Minn. 376, 150 N. W. (2d) 201; Koenigs v. Werner, 269 Minn. 530, 134 N. W. (2d) 301.

## CLAIMS OF ERROR AT TRIAL

■ As noted, plaintiff Swanson is not in a position to claim a new trial as against defendant Thill because of any errors in the instructions or in the reception of evidence.

We do not believe a new trial to be warranted at the instance of defendant Bly upon the grounds asserted by him for these reasons:

(a) The jury was entitled to know that Mrs. Thill was killed at the time of the accident in explanation of the fact that her husband, a party to the proceedings, did not produce her as a witness.[2] Apart from this, the fact of her death was brought to the attention of the jury in a number of instances with no objection being made.[3] Defendant Thill's closing argu-

---

[2] See, Hall v. City of Austin, 73 Minn. 134, 75 N. W. 1121; cf. Connolly v. The Nicollet Hotel, 258 Minn. 405, 104 N. W. (2d) 721, and cases cited.

[3] Several times quite early in the trial, Mrs. Thill was referred to in the past tense. Later, Mrs. Swanson was asked whether a good deal of her nervous upset following the accident was not caused by the death of her sister, Mrs. Thill. Plaintiff's hypothetical question to his doctor included the fact that Mrs. Thill had died, evidently to show the severity of the collision. Thereafter, several allusions to his wife's death were brought out in the direct examination of defendant Thill.

ment, taken as a whole, did not emphasize Mrs. Thill's death in such a way as to constitute reversible error.

(b) The inconclusive references to a posted sign [4] indicating a 15-mile-per-hour speed limit for traffic approaching the intersection from the north were not adequate to show that the sign was erected at the direction of the commissioner of highways after a determination that the speed limit otherwise established was greater than that reasonable or safe under the conditions found to exist within the meaning of Minn. St. 169.14, subd. 4.[5] And if the sign was placed at the direction of the commissioner of highways, the receipt of exhibit 3 was proper by way of rebutting any inference which might follow from proof of the existence of the sign that such a determination had in fact been made.

(c) Although the jury might well have been permitted to exercise its own commonsense as to the effect of the limited quantity of beer said to have been consumed on the day of the accident by defendant Thill, we are not persuaded that the trial judge's suggestion that this evidence should be disregarded had any effect on the verdict as returned.

### LIMITED RETRIAL OF ISSUE OF DAMAGES

■ Defendant Bly moved for a new trial as against plaintiff Ernest Swanson only as to the damages other than those attributable to the precipitation or aggravation of Parkinson's disease. In effect, he requested that the jury's answer to interrogatory 9-A assessing damages at $35,000

---

[4] A police officer testified that there was no such sign present at the time of the accident, and defendant Thill testified that he had not seen such a sign. Two witnesses who lived in the area at the time of the accident stated they recalled some sort of 15-mile-per-hour sign, but their testimony as to its location conflicted, and their recollection as to its description was wholly unsatisfactory.

[5] Minn. St. 169.14, subd. 4, provides: *"When the commissioner determines upon the basis of an engineering and traffic investigation that any speed set forth in this section is greater* or less *than is reasonable or safe under the conditions found to exist on any trunk highway or upon any part thereof,* he may erect appropriate signs designating a reasonable and safe speed limit thereat, which speed limit shall be effective when such signs are erected. Any speeds in excess of such limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful; * * *." (Italics supplied.)

be set aside; that it be inferred from the jury's answer to interrogatory 9-B that plaintiff's claim for damages attributable to the precipitation or aggravation of Parkinson's disease was rejected; and that this rejection of that claim of damage be made binding upon any jury hereafter asked to assess plaintiff's loss attributable to the accident. After the court granted defendant Bly's motion, plaintiff Swanson moved for a new trial on the issue of damages unaffected by the jury's answer to interrogatory 9-B, which motion was denied.

While this court has not previously considered whether a new trial may be limited to less than all damage claims, the Federal courts have answered the question in the affirmative,[6] and our prior cases granting or approving grants of new trials on less than all the liability issues or defenses [7] may provide some precedent for use of the procedure in proper cases. However, it is clear that the procedure is not to be employed if the court is unable to say that the issue to be retried is so distinct and separable from the others that the trial of it alone may be had without injustice. See, Atlantic Coast Line R. Co. v. Bennett (4 Cir.) 251 F. (2d) 934; cf. Koenigs v. Werner, 263 Minn. 80, 116 N. W. (2d) 73. We have previously held that partial new trials are not to be employed when the verdict indicates that the jury may have compromised the amount. Hurr v. Johnston, 242

---

[6] See, Devine v. Patteson (6 Cir.) 242 F. (2d) 828 (plaintiff granted new trial on issue of compensatory damages only; award of $1 punitive damages stands); Atkinson v. Dixie Greyhound Lines (5 Cir.) 143 F. (2d) 477 (plaintiff granted new trial on issue of punitive damages, which trial court erroneously withheld from jury; award of compensatory damages stands); United States v. Calvey (3 Cir.) 110 F. (2d) 327 (plaintiff granted new trial as to back benefits under insurance policy; award of future benefits stands); Miller v. Tennessee Gas Transmission Co. (W. D. La.) 114 F. Supp. 23 (plaintiff granted new trial as to cost of restoring his property to former condition as per contract; denial of his property-destruction claims stands).

[7] See, Hardware Mutual Cas. Co. v. Chrysler Corp. 274 Minn. 87, 142 N. W. (2d) 728 (defendant granted new trial on issue whether a defective part of an automobile was supplied by defendant); C. H. Phinney Land Co. v. Corey, 107 Minn. 564, 119 N. W. 1134 (plaintiff granted new trial on issue whether defendant had waived furnishing of abstract); Buck v. Buck, 122 Minn. 463, 142 N. W. 729 (proponent granted new trial on issue of undue influence; finding on testator's mental capacity stands).

Minn. 329, 65 N. W. (2d) 193. We cannot say that such did not occur in this case. In finding damages in the amount of $35,000, an amount the trial court found "grossly excessive" which "cannot reasonably be accounted for, except on the theory that it was the result of passion and prejudice," it is not unlikely that the jury did in fact allow damages for the precipitation or aggravation of the Parkinson's disease even though it declined to "allocate" any specific amount as being due to it. A new trial on the entire damage issue would involve little more time and expense than one limited to the non-Parkinson's disease damages since in the latter type of trial extensive medical testimony would be necessary to properly segregate the damages caused by the accident from those caused by the Parkinson's disease. Under the circumstances, plaintiff Swanson's motion for a new trial on the entire damage issue should have been granted.

It is clear that plaintiff Swanson is content with the verdict. Defendant Bly is entitled to a new trial on the issue of damages only if he wants it. But in view of the way in which his post-trial motion was worded, we cannot be sure whether he wants a new trial of the issue without the benefit of the first jury's answer to interrogatory 9-B. Therefore, defendant Bly will be allowed 15 days from the filing of this decision within which to consent to have judgment entered against himself in accordance with the present verdict.

### Conclusion

On the appeal of plaintiff Swanson from the judgment entered in favor of defendant Thill, the judgment is affirmed.

On the appeal from the order of the district court which we have construed as being one denying defendant Bly's motion for a new trial as against defendant Thill, the order is affirmed.

The order which we have construed as being one denying plaintiff Swanson's motion for a new trial on the entire issue of damages, unaffected by the jury's answer to interrogatory 9-B, is reversed, unless within 15 days from the filing of this decision defendant Bly consents by written instrument filed with this court to have judgment entered against himself in accordance with the present verdict. If he does so, that order will also be affirmed.

Costs and disbursements shall not be taxed by either Swanson or Bly. Minn. St. 607.01.

Affirmed contingently.