NORTHWESTERN STATE BANK, OSSEO, MINNESOTA, v.
DUANE W. FOSS AND OTHERS.
ELMER M. LAMPHERE AND ANOTHER, APPELLANTS.

177 N. W. (2d) 292.

April 17, 1970—No. 41720.

*Jerome S. Rice, Darrell B. Johnson,* and *Fredrikson, Byron & Colborn, Ltd.,* for appellants.

*Bleecker, Babcock & Roberts, Don E. Roberts,* and *Roger Nordbye,* for respondent.

Heard before Knutson, C. J., and Otis, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from an order of the district court granting a new trial on the issue of damages only and from a judgment entered on October 31, 1968.

On May 12, 1966, the Northwestern State Bank of Osseo, Minnesota, instituted an action against Duane W. Foss, Doris E. Foss, Elmer M. Lamphere, and Raymond H. Wood for the recovery of $23,000, the balance of the principal on a note dated November 5, 1964, together with

interest at the agreed rate of 6 1/2 percent per annum from May 9, 1966. It was alleged that defendants Foss were liable as makers and that defendant-appellants Lamphere and Wood, hereinafter appellants, were liable because on or about May 24, 1965, each of them executed this agreement stamped on the reverse side of the note:

"For value received, I hereby guarantee the payment of the within note at maturity or at any time thereafter, and hereby agree and consent to all the obligations contained therein."

Appellants interposed an answer and counterclaim significant for present purposes in this regard: The answer denied liability, alleging, in effect, that although appellants signed the note, they did so in exchange for the bank's promise to extend the note's due date from November 5, 1965, to November 5, 1966, and this promise of the bank was not fulfilled. In their answer, appellants prayed "that plaintiff take nothing in its pretended cause of action against them, and that the said cause of action be dismissed with prejudice."

Appellants also cross-claimed against Duane W. Foss for indemnity and counterclaimed against plaintiff for damages in the amount of $61,000 caused because "of the plaintiff's breach of its promise of forbearance."

The case was tried in the District Court of Hennepin County before the Honorable E. J. Kenny and a jury commencing October 9, 1967. After the testimony was taken the jury was instructed and given two forms of verdict. One was a general verdict for the bank for the amount found to be due and owing on account of the note executed by Mr. and Mrs. Foss on November 5, 1964. The jury was advised that this form of verdict was for its use if they found that the promise to extend the original due date had not been made in exchange for the signatures of Lamphere and Wood. In the alternative, the jury was instructed to use a special verdict form consisting of two questions:

"Question No. 1.  This question must be answered by you. Did the plaintiff bank, acting through its president and director George Dochniak, agree with the makers of the note, Mr. and Mrs. Foss, and the endorsers, Wood and Lamphere to extend the time when the principal sum of the note was required to be paid, for one year from the original due date to November 4 [sic], 1965? [*A. Yes.*]

"Question No. 2.  This question is to be answered by you only if your answer to question no. 1 above is yes. State here the amount of damage, if any, sustained by defendants as the result of the bank's failure to to carry out said agreement. [*A. $20,000.*]"

The verdict returned by the jury, dated October 11, 1967, gave the answers underlined above.

By motion filed March 7, 1968, appellants' attorneys moved the court to enter findings of fact, conclusions of law, and order for judgment in their favor to this effect: That plaintiff had agreed with defendants Foss and with appellants to extend the due date of the note from November 4, 1965, to November· 4, 1966; that in violation of this promise the bank demanded payment prior to the due date as extended;·that the action by the bank contrary to its promise caused defendants to be damaged in the amount of $20,000; that because of plaintiff bank's breach of its aforesaid promise, appellants are excused from any and all liability which they might have incurred by endorsing said note; that, in addition, defendants are entitled to judgment against plaintiff in the amount of $20,000 plus costs.

The motion·of appellants for specific findings of fact and conclusions of law was denied. Instead, by order dated July 26, 1968, and filed July 30, 1968, the court found the balance due on the note, and interest thereon as of October 11, 1967, to be $25,117.90. Noting that by its verdict the jury awarded defendants the sum of $20,000 as damages, the trial judge ordered that judgment be entered in favor of plaintiff and against defendants for the difference, i. e., $5,117.90, and interest.

On August 9, 1968, (subsequent to the time the July 26 order was filed but before any judgment was entered) plaintiff filed a motion for judgment notwithstanding the verdict; for an order reducing the amount of damages awarded by the jury to defendants; or for an order granting plaintiff a new trial on the question of damages only. By order dated September 10, 1968, the trial judge denied plaintiff's motion ·for judgment notwithstanding the verdict but, without grounding its ruling "exclusively upon errors of law occurring at the trial,"[1] ordered: ·

"That a new trial on the question of damages only be granted unless defendants, within ten days after notice of the filing of this order, shall file their written consent to a reduction of the verdict to $10,000.00, and in the event that such consent be so filed, that the order for a new trial on the question of damages be denied."

No consent having been filed by defendants, the order granting the new trial on the issue of damages only became absolute.

On October 31, 1968, defendants' counsel requested the clerk of district court to enter judgment pursuant to the order of the district court

---

[1] Rules of Civil Appellate Procedure, Rule 103.03(e). ·

filed July 30, 1968. Judgment was entered accordingly. This is the judgment to which reference is made in the notice of appeal.

■ Appellants are not entitled to appeal as a matter of right. An order granting a new trial on the issue of damages only is not appealable as of right. Rules of Civil Appellate Procedure, Rule 103.03(e); Laramie Motors, Inc. v. Larson, 253 Minn. 484, 92 N. W. (2d) 803. An appeal from a judgment entitles the appellant to appellate review, the scope of which is determined by the proceedings prior to the entry of judgment. Rules of Civil Appellate Procedure, Rule 103.03(a); Zywiec v. City of South St. Paul, 234 Minn. 18, 47 N. W. (2d) 465. But in this case the judgment was improperly entered. Where a special verdict is returned, entry of judgment must be pursuant to an order of the district court. Judge Kenny filed such an order July 30, 1968. But this order, in so far as it confirmed the jury's finding of damages, was countermanded by the order of September 10, 1968, which granted a new trial on the issue of damages only. The order of the district court granting a new trial on the issue of damages only, dated September 10 and filed September 11, 1968, being later in time, served to nullify the order for entry of judgment of July 30.[2] Therefore, the entry of the judgment declaring that damages in the amount of $5,117.90, with interest, were owing, when a new trial on the question of damages had previously been ordered, was unauthorized. Rules of Civil Procedure, Rule 58.01. See, Swanson v. Thill, 277 Minn. 122, 152 N. W. (2d) 85; Kluge v. Benefit Assn. of Ry. Employees, 276 Minn. 263, 149 N. W. (2d) 681.

■ Appellants urge that the interest of all litigants would be advanced by according discretionary review. We recognize the force of this argument in an appropriate case. See, Hospes v. Northwestern Mfg. & Car Co. 41 Minn. 256, 261, 43 N. W. 180, 182. Here, however, the result would be the same whether review be granted or denied. The instructions given to the jury by the trial court were incomplete. The question, for example, of whether the damages allowed were to be in excess of the amount due on the guaranty was not considered.[3] Under the circumstances, there was no abuse of discretion in granting a new trial on the issue of damages.

---

[2] 39 Am. Jur., New Trial, § 204, and cases cited therein. See, Fox v. Minneapolis St. Ry. Co. 190 Minn. 343, 251 N. W. 916.

[3] Annotation, 17 A. L. R. (2d) 968; Restatement, Contracts, § 335; Clark, Contracts (4 ed.) §§ 264 to 267; Simpson, Contracts (2 ed.) § 195; Williston, Contracts (3 ed.) c. 41; Corbin, Contracts, §§ 1039 and 1078, note 40.

We recognize that the case may involve a problem of election of remedies,[4] but the appeal does not bring this phase of the case before us in such a way as to justify an attempt on our part to resolve it.

·Appeal dismissed.

---

[4] See, Corbin, Contracts, c. 66; 28 C. J. S., Election of Remedies, §§ 6 and 11; 25 Am. Jur. (2d) Election of Remedies, § 22.