Evelyn Theodora WERTISH, Appellant,

v.

Daniel Andrew SALVHUS, Respondent.

No. C6–96–955.

Court of Appeals of Minnesota.

Nov. 5, 1996.

Review Granted Jan. 21, 1997.

Gregory A. Widseth, Odland, Fitzgerald, Reynolds & Remick, P.L.L.P., Crookston, for Appellant.

Kenneth F. Johannson, Johannson, Taylor, Rust, Tye & Fagerlund, Crookston, for Respondent.

Considered and decided by SCHUMACHER, P.J., TOUSSAINT, C.J., and THOREEN, J.

## OPINION

JOHN F. THOREEN, Judge.*

Appellant Evelyn Wertish sued respondent Daniel Salvhus for injuries sustained in an automobile accident. Following a jury trial, the district court ordered the entry of judgment pursuant to the jury's verdict in favor of Wertish. Twelve days after the district court filed its order for judgment, Salvhus moved for amended findings to include an offset of no-fault benefits, under Minn.Stat. § 65B.51. The district court amended its findings to include the offset and Wertish appeals. By notice of review, Salvhus challenges the award of certain costs and disbursements. We affirm in part, reverse in part, and remand.

## FACTS

On December 6, 1995, a jury awarded Wertish $107,600 for past and future damages. On January 3, 1996, after reducing the award by Wertish's percentage of fault, the district court ordered the entry of judgment in the amount of $80,700. The order was filed on January 4, 1996. On January 16, 1996, Salvhus filed a notice of motion and

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

alternative posttrial motions, including a motion for amended findings to include an offset of no-fault benefits under Minn.Stat. § 65B.51, subd. 1. Finding that Salvhus was entitled to an offset in the amount of $20,000, the district court issued an order for amended judgment in the amount of $60,700 plus costs and disbursements previously taxed. The district court administrator entered judgment and Wertish appeals.

## ISSUES

1. Does the ten-day limit on filing a motion for determination of collateral sources, under Minn.Stat. § 548.36, apply to a motion for an offset of no-fault benefits, under Minn. Stat. § 65B.51, subd. 1?

2. Did the district court abuse its discretion in awarding certain costs and disbursements?

## ANALYSIS

### 1. Timeliness of motion for offset of no-fault benefits.

Minn.Stat. § 548.36 (1994) provides:

Subdivision 1. **Definition.** For purposes of this section, "collateral sources" means payments related to the injury or disability in question made to the plaintiff, or on the plaintiff's behalf up to the date of the verdict, by or pursuant to:

\*       \*       \*       \*       \*       \*

(2) health, accident and sickness, or automobile accident insurance or liability insurance that provides health benefits or income disability coverage; \* \* \*.

\*       \*       \*       \*       \*       \*

Subd. 2. **Motion.** In a civil action, whether based on contract or tort, when liability is admitted or is determined by the trier of fact, and when damages include an award to compensate the plaintiff for losses available to the date of the verdict by collateral sources, a party may file a motion within ten days of the date of entry of the verdict requesting determination of collateral sources.

Wertish argues that Salvhus's request for an offset was beyond the ten-day limit for filing a motion for collateral source determination.[1] The construction of a statute is a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). Salvhus concedes that he never filed a motion for collateral source determination under section 548.36. Instead, he filed a motion for amended findings under section 65B.51, which became effective January 1, 1975, and provides for the offset of no-fault benefits from a subsequent tort recovery. While that section is silent as to when a party must request an offset, the definition of collateral sources clearly includes no-fault benefits.

Section 548.36, which supersedes section 65B.51 and specifically includes "automobile accident insurance" as a collateral source, provides that "a party may file a motion within ten days of the date of entry of the verdict requesting determination of collateral sources." This language is misleading because the jury's return of a special verdict has no legal effect. "Where a special verdict is returned, entry of judgment must be pursuant to an order of the district court." *Northwestern State Bank v. Foss*, 287 Minn. 508, 511, 177 N.W.2d 292, 294 (1970). It is the filing of the district court's order for judgment, pursuant to the jury's verdict, that triggers the time for filing a motion requesting determination of payments from collateral sources, including no-fault benefits. Construing "entry of the verdict" to mean filing of the district court's order for judgment is consistent with the timing mechanism for posttrial motions under Minn.R.Civ.P. 59.03.

The fact that section 548.36 uses permissive rather than mandatory language does not affect our analysis. A party has the option of filing a motion for collateral source determination. If a party chooses to bring such a motion, it must be filed within ten days of the filing of the district court's order for judgment. Any other construction would

---

1. For support, Wertish cites an unpublished opinion of this court. *See Kissoondath v. Ammerman*, Nos. C7–95–128, C0–95–1346, 1995 WL 756840 (Minn.App. Dec. 26, 1995), *review granted* (Minn. Feb. 13, 1996), *appeal dismissed* (Minn. June 19, 1996).

make the 10–day period meaningless. In this case, the district court ordered the entry of judgment on January 3, 1996, and this order was filed on January 4. Salvhus filed his motion for an offset on January 16, twelve days after the filing of the order for judgment. Salvhus's motion was not timely and the district court erred in ordering an offset of no-fault benefits.

### 2. The award of costs and disbursements.

 By notice of review, Salvhus challenges the award of certain costs and disbursements. In every action in a district court, the prevailing party is entitled to reasonable disbursements paid or incurred. Minn.Stat. § 549.04 (1994). The district court's award of costs and disbursements will not be reversed on appeal absent an abuse of discretion. *Stinson v. Clark Equip. Co.,* 473 N.W.2d 333, 336 (Minn.App.1991), *review denied* (Minn. Sept. 13, 1991).

Salvhus argues that Minn.R.Civ.P. 4.05 "prohibits" the taxation of service of process fees if service by mail is effective. Rule 4.05 contains no such prohibition and section 549.04 expressly allows the recovery of reasonable disbursements "including fees and mileage paid for service of process by the sheriff."

Without citing any authority, Salvhus argues that taxation for x-rays, medical reports and medical records is not allowed by statute or the rules of civil procedure. We have held that a district court did not abuse its discretion in awarding disbursements related to the cost of obtaining medical records where the cost was not duplicative. *Casey v. State Farm Mut. Auto. Ins. Co.,* 464 N.W.2d 736, 740 (Minn.App.1991), *review denied* (Minn. Apr. 5, 1991).

Salvhus argues that the district court erred in awarding Wertish attorney fees on a prior discovery motion. Because the district court granted her motion for an order compelling discovery, Wertish was entitled to the reasonable expenses incurred in obtaining that order, including attorney fees. Minn. R.Civ.P. 37.01(d). The appellate court will not reverse an award of attorney fees absent an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.,* 401 N.W.2d 655, 661 (Minn.1987). Although Salvhus argues that the award of attorney fees was "wholly inappropriate," he fails to establish that the district court abused its discretion.

Finally, Salvhus claims errors in the amount of prejudgment interest. The district court awarded prejudgment interest based on a damages award without the no-fault offset. Because we hold that Salvhus's motion for an offset was untimely, the district court's award of prejudgment interest is correct.

### DECISION

Because the motion for an offset of no-fault benefits was not filed within ten days of the date of filing of the district court's order for judgment, the motion was untimely. We remand for reinstatement of the original judgment, in the amount of $80,700, plus costs and disbursements previously taxed, in the amount of $6,707.40.

**Affirmed in part, reversed in part, and remanded.**