**Ge LEE, Appellant,**

v.

**McWillie HUNT, Respondent.**

No. C9–01–1730.

Court of Appeals of Minnesota.

April 2, 2002.

**58** 

Richard D. O'Dea, Palmer, Cody & O'Dea, LLC, Roseville, for appellant.

Michael L. Rerat, Attorney at Law, Edina, for respondent.

Considered and decided by RANDALL, Presiding Judge, KLAPHAKE, Judge, and HUSPENI, Judge.

## OPINION

HUSPENI, Judge.*

Two months after judgment was entered for appellant, respondent moved to amend the judgment by deducting collateral source benefits brought under Minn.Stat. § 65B.51, subd. 1 (2000), of the Minnesota No–Fault Automobile Insurance Act, which contains no deadline for filing such a motion. Appellant objected to the timeliness of the motion, arguing that the ten-day deadline of the collateral source statute, Minn.Stat. § 548.36, subd. 2 (2000), applies to motions for deductions brought pursuant to the no-fault act and that, therefore, the motion to amend the judgment was untimely under Minn. R. Civ. P. 52.02 and 59.03. The district court held that the ten-day deadline did not apply to a motion brought pursuant to the no-fault act and granted the motion to deduct collateral source benefits. Because we conclude that the ten-day deadline set forth in

Minn.Stat. § 548.36, subd. 2, applies in this case, we reverse and remand.

## FACTS

In the summer of 1996, appellant Ge Lee and respondent McWillie Hunt were involved in a one-vehicle accident in which Lee sustained injuries. Lee's no-fault insurer paid $15,669.78 in medical expenses before the case was set for trial. Hunt conceded that her negligence was the cause of the accident, and trial was limited to the issue of damages. The jury, by special verdict, awarded Lee total damages of $32,123, $17,113 of which represented past medical expenses.

After the jury had rendered its verdict, Lee's counsel sent a letter to Hunt's counsel stating that Lee would be willing to stipulate to reducing the award of past medical expenses by $15,669.78, in exchange for Hunt stipulating to a credit for the cost of Lee's PIP benefits. Hunt's counsel did not respond to this letter.

On August 2, 2001, almost two months after entry of the judgment, Hunt moved to amend the judgment, pursuant to Minn. Stat. § 65B.51, subd. 1 (2000), of the Minnesota No–Fault Automobile Insurance Act (no-fault act), by deducting no-fault collateral source benefits. Lee opposed the motion, arguing that Minn.Stat. § 548.36 (2000) (collateral source statute) imposed a ten-day deadline from date of entry of judgment on filing a motion to determine collateral source benefits.

The district court granted Hunt's motion to deduct $15,669.78 in collateral source benefits and this appeal resulted.

## ISSUES

I. Does the collateral source statute's requirement that motions for a de-

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI § 10.

termination of a collateral source be filed within ten days of entry of judgment apply to motions brought under the no-fault act?

II. Does Hunt's failure to bring a motion for amended judgment within the time period required by Minn. R. Civ. P. 52.02 and 59.03 render the motion untimely?

## ANALYSIS

### I.

■ Statutory construction is a question of law that an appellate court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 392–93 (Minn.1998). When the district court applies a statute to undisputed facts, it is a conclusion of law fully reviewable by the appellate courts. *Braginsky v. State Farm Mut. Auto. Ins. Co.*, 624 N.W.2d 789, 792 (Minn.App.2001).

■ In this case, we must determine whether the two statutes at issue are irreconcilable. The collateral source statute provides in part:

In a civil action, whether based on contract or tort, when liability is admitted or is determined by the trier of fact, and when damages include an award to compensate the plaintiff for losses available to the date of the verdict by collateral sources, a party *may file a motion within ten days of the date of entry of the verdict*[1] requesting determination of collateral sources.

Minn.Stat. § 548.36, subd. 2 (2000) (emphasis added). Minn.Stat. § 548.36, subd. 3(a) (2000), provides in relevant part, "The court shall reduce the award by the amounts determined under subdivision 2,

* * *." In the no-fault act, the statute provides:

With respect to a cause of action in negligence accruing as a result of injury arising out of the operation, ownership, maintenance or use of a motor vehicle with respect to which security has been provided as required by sections 65B.41 to 65B.71, *the court shall deduct from any recovery the value of basic or optional economic loss benefits paid or payable*, or which would be payable but for any applicable deductible.

Minn.Stat. § 65B.51, subd. 1 (2000) (emphasis added). Section 65B.51, subdivision 1, contains no time limit within which the motion to deduct benefits must be brought. Section 548.36, in contrast, mandates that the motion be brought within ten days of entry of the verdict.

Does the ten-day limitation in the collateral source statute apply to motions brought pursuant to the no-fault act? The district court in effect said "no," declaring the two statutes irreconcilable and applying doctrines of statutory interpretation to hold that Minn.Stat. § 65B.51 predominates. The district court concluded that although the collateral source statute was enacted in 1986, 12 years after the no-fault act was originally passed, the 1990 amendment changing a phrase of the no-fault act from "there shall be deducted" to "the court shall deduct" rendered the no-fault act the more recent, and, therefore, the prevailing of the two statutes. *See* Minn. Stat. § 645.26, subd. 4 (2000) (stating that when statutes are irreconcilable, "the law latest in date of final enactment shall prevail"). The district court also concluded that because the no-fault act applies more specifically to no-fault benefits and the collateral source statute applies generally to

---

**1.** The Minnesota Court of Appeals has interpreted the phrase "the date of the entry of the verdict" to mean the date of the entry of judgment. *Wertish v. Salvhus*, 555 N.W.2d 26, 28 (Minn.App.1997), *rev'd on other grounds mem.*, 558 N.W.2d 258 (Minn.1997).

all collateral source benefits, the no-fault act controls. *See* Minn.Stat. § 645.26, subd. 1 (2000) (noting that when statutes are irreconcilable, the more particular takes precedence over the more general); *see also Wertish v. Salvhus,* 558 N.W.2d 258, 258 (Minn.1997) (noting that the no-fault act is the more specific of the two statutes).

■ Mindful of the authority of the doctrines of statutory interpretation relied on by the district court, we are also aware of the caution that statutes should be construed, if possible, so that effect can be given to both. We conclude that it is possible to reconcile Minn.Stat. § 65B.51, subd. 1, and Minn.Stat. § 548.36 (2000), so as to give effect to both.

Viewing the collateral source statute as a whole convinces us that, by its terms, it is a procedural statute intended to supplement the substantive provisions of the no-fault act. "Collateral sources" are defined as including

> payments related to the injury or disability in question made to the plaintiff * * * by or pursuant to * * * automobile accident insurance or liability insurance that provides health benefits or income disability coverage.

Minn.Stat. § 548.36, subd. 1(2). No-fault benefits fall within the category of automobile accident insurance, and, therefore, by definition, the collateral source statute applies to the no-fault benefits. *See* Minn. Stat. § 65B.49, subd. 1 (2000) (mandating that all automobile insurance policies carry no-fault coverage); *Wertish v. Salvhus,* 555 N.W.2d 26, 28 (Minn.App.1997) (noting that collateral source statute specifically includes automobile accident insurance as a collateral source), *rev'd on other grounds mem.,* 558 N.W.2d 258 (Minn.1997).

We conclude that any reliance on the 1990 amendment to the no-fault act to deem it more recently passed is unpersua-sive; there is no indication that the legislature intended to abrogate the meaning of the collateral source statute's ten-day limitation merely by changing the wording of one phrase of the no-fault act (there shall be deducted) to another (the court shall deduct). Also, as noted above, while the no-fault act may be more specific with regard to substantive law, the collateral source statute is undoubtedly the more specific with regard to procedural law. Further, any attempt to interpret the "may file a motion" language of the collateral source statute to be permissive would, in fact, render the ten-day limitation meaningless. Minn.Stat. §§ 645.16 (mandating that "[e]very law shall be construed, if possible, to give effect to all its provisions"), .17(2) (2000) (mandating that courts must presume that the legislature intended to give effect to every provision of the statute).

Policy considerations motivated enactment of both the no-fault act and the collateral source statute. The no-fault act states as one of its purposes the avoidance of duplicative recovery. Minn.Stat. § 65B.42(5) (2000). Both the Minnesota Supreme Court and this court have held that the primary purpose of the collateral source statute is to prevent the plaintiff from recovering double the amount of the loss. *Imlay v. City of Lake Crystal,* 453 N.W.2d 326, 331 (Minn.1990); *Midway Nat'l Bank v. Estate of Bollmeier,* 504 N.W.2d 59, 66 (Minn.App.1993). The collateral source statute, however, has the additional goal of promoting finality in judgments by imposing upon defendants a ten-day deadline within which they must file their motions to reduce the judgment. The imposition of the ten-day deadline does not weaken the laudable goal of avoiding duplicative recovery; it merely requires filing in a timely manner.

The legislature, through the enactment of the collateral source statute, advanced both the public policy goal of avoidance of double recovery and the equally strong public policy goal of assuring the finality of judgments. Furthermore, there is merit in respondent's argument that absent the ten-day limitation set forth in Section 548.36—a deadline notably missing in Section 65B.51, subd. 1—proceedings seeking recovery of collateral source benefits could be brought months and even years after judgments have been entered and damage awards have been depleted or exhausted by those having received them.

Our analysis of the reconcilability of Minn.Stat. § 65B.51, subd. 1, and Minn. Stat. § 548.36 would not be complete without examining the caselaw that informs our decision here.[2] In *Wertish*, 555 N.W.2d at 26, this court reversed the district court and determined that the collateral source statute applied to motions brought pursuant to the no-fault statute. *Id.* at 28–29 (holding language of the collateral source statute indicates defendant has option of filing motion for collateral source determination and if defendant chooses to exercise option, he is required to do so within ten days, noting that "[a]ny other construction would make the 10–day period meaningless"). The Supreme Court reversed this court in a memorandum opinion, however, and stated:

> While the general provisions of Minn. Stat. § 548.36 suggest the filing of a motion requesting a determination of collateral sources within 10 days of the date of entry of the verdict, the statute

more specific to this problem, Minn.Stat. § 65B.51, subd. 1, is silent as to any time limitation, but mandates the offset.

> In either event, the motion here was timely served—the trial court's order directing the entry of judgment was filed on January 4, 1996; the 10 day period defined by Minn.Stat. § 548.36 expired on Sunday, January 14, 1996 and by operation of Minn. R. Civ. P. 6.01, performance of the act the following day, Monday, January 15, 1996, would be timely but for the fact that that day was a legal holiday, Martin Luther King, Jr. Day. The defendant's motion was served on January 15, 1996 and received by the trial court on January 16, 1996 and was timely.

*Wertish*, 558 N.W.2d at 258 (footnote omitted).

In a footnote to *Wertish*, the supreme court observed that:

> Defendant filed alternative post-trial motions, including a motion for amended findings requesting an offset of collateral source, a motion sufficient to preserve the request for a determination of collateral sources. The preferred practice is to file a more specific motion pursuant to Minn.Stat. § 65B.51, subd. 1 or Minn. Stat. § 548.36.

*Id.*

We are not unaware that the *Wertish* memorandum opinion by the supreme court recognized the language of Minn. Stat. § 65B.51, subd. 1, as being more specific than that of Minn.Stat. § 548.36, and also, in a footnote, suggested that

---

**2.** A nonpublished case issued by this court in 1996 directly addressed the issue we must decide here. *See Kissoondath v. Ammerman,* No. C0–95–1346, 1995 WL 756840, at *5–*6 (Minn.App. Dec.26, 1995) (holding that ten-day deadline applies to motions for a reduction in a verdict brought under the no-fault act), *review granted* (Minn. Feb. 12, 1996) *and*

*appeal dismissed* (Minn. June 19, 1996). Although *Kissoondath* is an unpublished opinion and, therefore, not precedential, we find its reasoning (that interpreting the no-fault act as controlling would essentially abrogate the meaning of the ten-day deadline provision in the collateral source statute) to be persuasive.

certain alternative procedures would be preferred. But the actual holding of *Wertish*—that the motion was timely brought under section 548.36—did not require that the court decide whether a motion brought under section 65B.51, subdivision 1, would escape the deadline of section 548.36.[3]

Finally, in *Braginsky*, this court avoided directly addressing the reconciliation of the statutes by holding that the defendant's motion was brought pursuant to section 548.36 and was, therefore, subject to the ten-day deadline of that statute. 624 N.W.2d at 796, n. 3 (construing motion as brought pursuant to collateral source statute because defendant had failed to specify).

Because the statutory language, policy considerations, statutory interpretation tools, legislative intent, and prior caselaw all indicate that the ten-day deadline of the collateral source statute should apply to motions brought pursuant to the no-fault act, Hunt's motion for determination of collateral source benefits was untimely.

## II.

Lee argues that Hunt's motion to amend the judgment to reflect a deduction for the no-fault benefits previously received by Lee was untimely under Minn. R. Civ. P. 52.02 and 59.03, which provide that motions to amend the judgment will not be heard later than 30 days after the entry of judgment. It is undisputed that Hunt did not bring her motion to amend judgment within 30 days of the entry of judgment. As a result, Hunt's motion to amend the judgment was untimely.

---

**3.** Arguably, language in *Wertish* could be read as suggesting that the collateral source statute's deadline does not apply. *Wertish*, 558 N.W.2d at 258. We believe, however, that the Wertish language is best construed as dicta,

## DECISION

The ten-day time limitation set forth in Minn.Stat. § 548.36 (2000) applies to motions to deduct collateral source benefits brought under Minn.Stat. § 65B.51, subd. 1 (2000). Therefore, we reverse the district court's grant of the motion for a determination of collateral source benefits and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**

and trust that the public policy and statutory construction considerations set forth here would be consistent with the analysis by the supreme court were it to address this issue squarely on its merits.