McKEIG, Justice.
Respondent Corey Ouradnik ("Son") sued his father, appellant Robert Ouradnik ("Father"), after he fell from a deer stand on Father's property and was injured. The Pine County District Court granted partial summary judgment in favor of Father, holding that he was entitled to recreational-use immunity under Minn. Stat. §§ 604A.20 -.27 (2016) ("the Recreational-Use Statute"), allowing Son to proceed to trial to seek recovery under only the trespasser exception to the statute. The court of appeals reversed, holding that the Recreational-Use Statute did not apply because Father did not offer his land for use by the public. We affirm.
FACTS
Father owns 40 acres of land where he allows his immediate family to hunt. Father does not allow anyone outside of his immediate family to hunt on his land, and has posted at least one "No Trespassing" sign to deter non-family members. Father excluded extended family, Son's friends, and members of the general public from hunting on his land.
*676 Father built approximately five tree stands on his land for deer hunting. When he first built the tree stands, Father affixed the boards to the trees with nails. In 2012, Father began to replace the nails with 6-inch screws, but did not have enough screws to re-fasten every board. Some boards remained affixed by nails.
On November 10, 2012, Son was climbing into one of the deer stands on Father's property when he grabbed a board that was still secured by nails. The board came loose and Son fell 16 feet to the ground, breaking both his legs and his left foot.
Son commenced a personal injury suit against Father on May 22, 2015. Father moved for summary judgment on the ground of recreational-use immunity. The Pine County District Court granted Father's motion "insofar as ... Minn. Stat. § 604A.22 [was] applicable in this case," but denied the motion "insofar as the case [could not] be dismissed due to factual disputes pertaining to [Son's] ability to recover under the trespasser exception [ Minn. Stat. § 604A.25 ]." At trial, and based solely on the trespasser theory, the jury concluded that Son was 95 percent negligent. Based on this verdict, the district court entered judgment in favor of Father.
Son appealed. The court of appeals determined that the district court had erred by failing to give effect to Minn. Stat. § 604A.20, which provides that the purpose of the Recreational-Use Statute is to "encourage and promote the use of ... privately owned lands and waters by the public for beneficial recreational purposes." Ouradnik v. Ouradnik , 897 N.W.2d 300, 304 (Minn. App. 2017) (quoting Minn. Stat. § 604A.20 ) (emphasis in original). The court of appeals also relied on our decision in Hughes v. Quarve & Anderson Co. , 338 N.W.2d 422 (Minn. 1983), which the court of appeals said stands for the proposition that "the recreational-use statute is interpreted by giving effect to the legislature's express policy statement." Ouradnik , 897 N.W.2d at 305. "Thus," the court of appeals continued, "the district court erred when it failed to recognize that the recreational-use statute requires public use before ascertaining whether the landowner has satisfied [ Minn. Stat. § 604A.22 's] three elements required to limit liability." Id. The court of appeals further held that the Recreational-Use Statute was unambiguous, and that the plain meaning of "public" was "community, which is more than a few family members." Id. at 306. Accordingly, the court of appeals reversed the district court and remanded the case for a new trial. Id. at 309. We granted Father's petition for review.
ANALYSIS
I.
Father's appeal challenges the court of appeals' interpretation of the Recreational-Use Statute. We review questions of statutory interpretation de novo. Cocchiarella v. Driggs , 884 N.W.2d 621, 624 (Minn. 2016).
A.
If a landowner (1) "gives written or oral permission," (2) "for the use of the land for recreational purposes," (3) "without charge," then that landowner is entitled to recreational-use immunity. Minn. Stat. § 604A.22. This immunity means that the landowner's only duty of care is to "refrain from willfully taking action to cause injury."[1] Minn. Stat. § 604A.22(3).
*677 The parties agree that Father met all three requirements of section 604A.22.
Minnesota Statutes § 604.20, however, provides that the Recreational-Use Statute, including Minn. Stat. § 604A.22, was enacted "to encourage and promote the use of ... privately owned lands and waters by the public for beneficial recreational purposes." Minn. Stat. § 604A.20. The parties disagree on whether the phrase "by the public" in section 604A.20 means that the land must be offered for public use before section 604A.22 is triggered. Father argues that a landowner is entitled to recreational-use immunity if all three requirements listed in section 604A.22 are met, while Son argues that section 604A.22 can only take effect if section 604A.20 is first satisfied.
The Legislature defined many terms related to recreational use, but did not define what it meant to be "offered to the public." See Minn. Stat. § 604A.21. "Our previous interpretation of a statute guides us in determining its meaning." Engquist v. Loyas , 803 N.W.2d 400, 404-05 (Minn. 2011). In Hughes v. Quarve & Anderson Co. , we considered whether recreational immunity shielded a defendant from liability to a minor who dove into a quarry pond and was permanently injured. 338 N.W.2d at 423, 427. The quarry had attempted to exclude trespassers from the property, including "call[ing] for police aid to evict trespassers on numerous occasions" and posting "one rusted, shot-up metal No Trespassing sign." Id. at 423. "For the most part," however, "swimmers, motorbikers and socializers were tolerated." Id. We held that "the Recreational Use Statute has no application where the defendant landowner does not offer the quarry pond in question for public use and, indeed, claims here that it has discouraged the public from using the pond as a public facility." Id. at 427.
Like the landowner in Hughes , Father took steps to limit the use of his land. He posted at least one "No Trespassing" sign to exclude the general public. Further, he excluded his extended family and his sons' friends from using his land. There is no evidence in the record that Father "tolerated" anyone other than his wife and sons using his land. See Hughes , 338 N.W.2d at 423.
We note that Hughes was decided based on the language of Minn. Stat. §§ 87.01 -.03 (1982). 338 N.W.2d at 427. The Legislature recodified the Recreational-Use Statute in 1994 as Minn. Stat. §§ 604A.20 -.27. Act of May 10, 1994, ch. 625, art. 4, §§ 1-8, 1994 Minn. Laws 1476, 1497-99. Because both Minn. Stat. § 87.01 (1982) and Minn. Stat. § 604A.20 (2016) have nearly identical language, including the relevant phrase "by the public," Hughes remains binding precedent. See Minn. Stat. § 645.17(4) (2016) ("[W]hen a court of last resort has construed the language of a law, the legislature in subsequent laws on the same subject matter intends the same construction to be placed upon such language."). Following Hughes , we conclude that the duty and liability limitations in the Recreational-Use Statute do not apply where the land is not offered for public use.
II.
Having concluded that Hughes bars application of Minn. Stat. § 604A.22 to cases involving land that is not offered for public use, we turn to the question of whether offering the land for use only by the landowner's immediate family satisfies the statute. We agree with the court of appeals that it does not.
The Recreational-Use Statute does not define "the public." See Minn. Stat. § 604A.21. We agree with the court of appeals, however, that the term is unambiguous. Here, Father took affirmative *678 steps to exclude extended family and friends and there is no doubt that usage of the property was limited to immediate family. The plain meaning of "the public" means more than a landowner and his or her immediate family. See Ouradnik , 897 N.W.2d at 306 (quoting Public, Black's Law Dictionary (10th ed. 2014) and The American Heritage College Dictionary 1126 (4th ed. 2007) for the proposition that the plain meaning of "public" is "community"); see also The New Oxford American Dictionary 1376 (3d ed. 2001) (defining "the public" as "ordinary people in general" or "the community"). These definitions preclude any interpretation of "use by the public" as "exclusive use by a landowner's immediate family." We therefore conclude that Hughes bars the application of Minn. Stat. § 604A.22 in this case. The district court therefore erred in granting partial summary judgment to Father.
CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.
Affirmed.
THISSEN, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

Landowners are still liable for "conduct which, at law, entitles a trespasser to maintain an action and obtain relief." Minn. Stat. § 604A.25(1).